In Re: Nominating Petition of Robert C. Barlip, Candidate for the Office of County Commissioner, District 4, Lehigh County. Robert C. Barlip, Appellant.

Argued April 23, 1981, before Judges Rogers, Blatt and MacPhail, sitting as a panel of three.

*John R. K. Solt,* for appellant.

*E. Drummond King, King, McCardle & Herman,* for appellee.

*John M. Ashcraft, III,* Assistant County Solicitor, with him *John E. Roberts,* Lehigh County Solicitor, for appellee, Election Board of Lehigh County.

Opinion by Judge Blatt, May 5, 1981:

Robert C. Barlip (appellant), a candidate for the nomination of the Republican Party for the office of Lehigh County Commissioner, appeals from an order of the Court of Common Pleas of Lehigh County which sustained objections to and set aside his nominating petition.

The facts are not in dispute. The appellant filed his petition on March 10, 1981, the last day for filing nominating petitions, and asked to have his name placed on the Republican ballot at the May 1981 primary election for the office of Lehigh County Commissioner. With his petition he filed an affidavit averring that he had complied with Section 4(b) of the Act of October 4, 1978, P.L. 883, 65 P.S. §404(b) (Ethics Act), which requires that candidates must file a statement of financial interests with the State Ethics Commission prior to the filing of a nominating petition. In fact his statement of financial interests had not been so filed with the State Ethics Commission and was not filed until March 11, 1981. The Lehigh County Republican Committee (Republican Committee), here the appellee, filed timely objections alleging that the nominating petition should be set aside because the accompanying affidavit averring compliance with Section 4(b) of the Ethics Act, 65 P.S. §404(b), was false. When the court below set the petition aside, this appeal followed.[1]

The appellant contends that 1) the Republican Committee lacked standing to challenge his nominating petition; 2) the appellee violated Pa. R.C.P. No. 2152 which requires that unincorporated associations must sue in the name of a trustee ad litem and not in their own behalf; and 3) the false affidavit which accompanied the petition was not fatal to it.

We will first consider the issue of the Republican Committee's standing to challenge a candidate's

---

[1] In addition to ruling that the false affidavit was fatal to the appellant's nominating petition, the court of common pleas also sustained the Republican Committee's objection that the petition did not contain 100 valid signatures as required by Section 912(d) of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §2872. Because we resolve the case on other grounds, we will not reach this issue.

nominating petition. This is a matter of first impression. Section 977 of the Pennsylvania Election Code,[2] 25 P.S. §2937, which outlines the procedure to. challenge and set aside a candidate's nominating petition, does not specify those persons who have standing to object to a nominating petition.[3] In. the absence of a specific provision for standing, therefore, we are guided by the general rules of standing as set forth by the Supreme Court in *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975), and the core requirements of these rules are that the complainant must have an interest in the controversy which is greater than the abstract interest of the general citizenry in obtaining compliance with the law, and that there must be a direct causal connection between the act complained of and the harm alleged.[4]

---

[2] *Supra,* note 1.

[3] Section 977 of the Pennsylvania Election Code, 25 P.S. §2937 states in pertinent part:

> All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto, and praying that said petition or paper be set aside.

[4] The parties have not cited, nor has our independent research revealed, precedent concerning the standing of a political party to challenge candidates' nominating petitions. In cases in which a political party or its representative is a plaintiff in the action, the determination of standing hinges upon a finding of the traditional prerequisites of a substantial interest and direct harm. *Dorris v. Lloyd*, 375 Pa. 474, 100 A.2d 924 (1953) (County chairman of political party held not to have interest above that of citizenry in general to compel the County Board of Election in mandamus to comply in general manner with all provisions of election laws); *Independent-Republican Party v. State of Minnesota*, Minn. , 295 N.W. 2d 650 (1980) (Political party held to have sufficient interest to challenge statute preventing independent candidates from seeking endorsement of political parties); *Cermak v. Emerson,*

182

Even if the standing requirements are construed in their most narrow fashion, it is clear that any person who is registered to vote in a particular election has a substantial interest in obtaining compliance with the election laws by any candidate for whom that elector may vote in that election, and such electors therefore have standing to challenge the nominating petitions of those candidates. Building on that premise, we believe that, because a political party, *by statutory definition*,[5] is an organization representing qualified electors, it maintains the same interest as do its members in obtaining compliance with the election laws so as to effect the purpose of those laws in preventing fraudulent or unfair elections. Moreover, a political party may suffer a direct and practical harm to itself from the violation of the election laws by its candidates, for such noncompliance or fraud will ultimately harm the reputation of the party and impair its effectiveness. We must therefore conclude that, because the Republican Committee here has a direct and substantial interest in the compliance of candidates who seek its nominations with all of the election laws, it has standing to seek the setting aside of such candidates' nominating petitions.[6]

The appellant makes a persuasive and apparently correct argument that the Republican Committee's

323 Ill. 561, 154 N.E. 474 (1926) (Political party county chairman held to have substantial interest to attack validity of statute affecting duties of party with respect to nomination of county judges).

[5] Section 801 of the Pennsylvania Election Code, 25 P.S. §2831. *See also* Sections 802 and 804 of the Pennsylvania Election Code, 25 P.S. §§2832 and 2834.

[6] The lower court did not reach the issue of the standing of the Republican Committee, for it ruled that the Republican Committee's amendment of its petition after the last day for filing a challenging petition, so as to include as a petitioner the name of a qualified elector of Lehigh County, fulfilled the standing requirement.

challenging petition violated Pa. R.C.P. No. 2152 because it was not brought by a trustee ad litem of that association; however, the appellant does not specify, nor are we able to ascertain, where this objection was preserved in the record. It is settled that a court will not permit an objection concerning compliance with Pa. R.C.P. No. 2152 to be raised for the first time on appeal, and, despite the validity of the appellant's observation, we will not do so here. *Allegheny County Prison Employees Local Union 693 v. McClelland*, 410 Pa. 654, 190 A.2d 324 (1963).

Having determined that the appellant's procedural objections must be dismissed, we will consider whether or not his filing of a false affidavit is fatal to his nominating petition. Section 4(b) of the Ethics Act, 65 P.S. §404(b), clearly provides that a candidate must file a statement of financial interests with the Ethics Commission prior to the time of filing his nominating petition and that the candidate's nominating petition must be accompanied by an affidavit of the candidate to the effect that the statement of financial interests has been timely filed. In the present case, although the appellant filed such an affidavit, it was false for he did not file the required statement with the Ethics Commission until after he had filed his nominating petition and its accompanying affidavits.

This situation is controlled by the Supreme Court's decision in *In Re Petition of Cianfrani*, 467 Pa. 491, 359 A.2d 383 (1976), which involved a challenge to a candidate's nominating petition on the grounds that it was accompanied by a required affidavit, which was false. The affidavit stated that the candidate was a registered voter at the time of the circulation of his nominating petition, whereas, in fact, the candidate had registered to vote after the petition was circulated. The Supreme Court, holding that provisions

of election laws requiring the filing of affidavits must be strictly construed, stated:

> It . . . could not be successfully maintained that the failure to affix an affidavit of the candidate would not be a fatal defect. As a corollary it must necessarily follow that a false affidavit must be *at least* equated with failure to execute the affidavit. . . . Such a defect cannot be cured by subsequent conduct and the petition was therefore void and invalid. (Citations omitted.) (Emphasis in original.)

*In Re Petition of Cianfrani, supra* at 494, 359 A.2d at 384.

Because the appellant's filing of a false affidavit is tantamount to failing to file the required affidavit at all, we will affirm the lower court's order setting aside the nominating petition.

### ORDER

AND Now, this 5th day of May, 1981, the order of the Court of Common Pleas of Lehigh County in the above-captioned case is affirmed.

Judge PALLADINO did not participate in the decision in this case.