# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Doug McLinko, | : | **CASES CONSOLIDATED** |
| Petitioner | : | |
| | : | |
| v. | : | No. 244 M.D. 2021 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of State; and | : | |
| Veronica Degraffenreid, in her | : | |
| official capacity as Acting Secretary | : | |
| of the Commonwealth of Pennsylvania, | : | |
| Respondents | : | |
| | | |
| Timothy R. Bonner, P. Michael Jones, | : | |
| David H. Zimmerman, Barry J. Jozwiak, | : | |
| Kathy L. Rapp, David Maloney, | : | |
| Barbara Gleim, Robert Brooks, | : | |
| Aaron J. Bernstine, Timothy F. | : | |
| Twardzik, Dawn W. Keefer, | : | |
| Dan Moul, Francis X. Ryan, and | : | |
| Donald "Bud" Cook, | : | |
| Petitioners | : | |
| | : | |
| v. | : | No. 293 M.D. 2021 |
| | : | Argued: November 17, 2021 |
| Veronica Degraffenreid, in her official | : | |
| capacity as Acting Secretary of the | : | |
| Commonwealth of Pennsylvania, and | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of State, | : | |
| Respondents | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE ELLEN CEISLER, Judge

OPINION
BY JUDGE LEAVITT[1]                              FILED: January 28, 2022

In this companion opinion to *McLinko v. Commonwealth*, __ A.3d __ (Pa. Cmwlth., No. 244 M.D. 2021, filed January 28, 2022), Representative Timothy R. Bonner and 13 members of the Pennsylvania House of Representatives (collectively, Petitioners) have filed a petition for review seeking a declaration that Act 77 of 2019,[2] which established that any qualified elector may vote by mail for any reason, violates the Pennsylvania Constitution and is, therefore, void. Petitioners also assert that Act 77 violates the United States Constitution. U.S. CONST. art. I, §§2, 4 and art. II, §1; U.S. CONST. amends. XIV and XVII. Finally, Petitioners seek an injunction prohibiting the distribution, collection, and counting of no-excuse mail-in ballots in future state and federal elections.

Respondents, the Acting Secretary of the Commonwealth, Veronica Degraffenreid, and the Department of State (collectively, Acting Secretary), have filed preliminary objections to Petitioners' challenge to Act 77's system of no-excuse mail-in voting.[3] The Acting Secretary also raises procedural challenges to the petition for review, *i.e.*, it was untimely filed, and Petitioners lack standing to challenge the constitutionality of Act 77. As in *McLinko*, the parties have filed cross-applications for summary relief, which are now before the Court for disposition.

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court. Because the vote of the commissioned judges was evenly divided on the constitutional analysis in this opinion, the opinion is filed "as circulated" pursuant to Section 256(b) of the Court's Internal Operating Procedures, 210 Pa. Code §69.256(b).

[2] Act of October 31, 2019, P.L. 552, No. 77 (Act 77).

[3] The Democratic National Committee and the Pennsylvania Democratic Party (collectively, Democratic Intervenors), and the Butler County Republican Committee, the York County Republican Committee, and the Washington County Republican Committee (collectively, Republican Intervenors) sought intervention in these consolidated matters. The Court granted them intervention.

On the merits, Petitioners' claims under the Pennsylvania Constitution are identical to those raised by McLinko in the companion case.[4] The Court thoroughly addressed those claims in the *McLinko* opinion, which we incorporate here by reference. For all the reasons set forth in *McLinko*, we hold that Petitioners are entitled to summary relief on their request for declaratory judgment.[5]

Additionally, Petitioners seek to enjoin the Acting Secretary from enforcing Act 77, which motion for summary relief will be denied as unnecessary. The declaration has the "force and effect of a final judgment or decree." 42 Pa. C.S. §7532.

We turn next to the Acting Secretary's procedural objections. As in *McLinko*, she contends that Petitioners' petition for review was untimely filed because it is barred by the doctrine of laches or, alternatively, because it was filed after the so-called statute of limitations in Section 13 of Act 77. The Court considered, and rejected, these arguments in *McLinko*, and we incorporate that analysis here. *See McLinko*, __ A.3d at __- __, slip op. at 40-48. Accordingly, we hold that Petitioners' petition for review was timely filed.

Finally, we consider the Acting Secretary's challenge to Petitioners' standing. A party seeking judicial resolution of a controversy must establish a "substantial, direct, and immediate interest" in the outcome of the litigation to have standing. *Markham v. Wolf*, 136 A.3d 134, 140 (Pa. 2016). An interest is "substantial" if the party's interest "surpasses the common interest of all citizens in procuring obedience to the law." *Firearm Owners Against Crime v. City of*

---

[4] The cases have been consolidated because they raise identical issues under the Pennsylvania Constitution. A separate opinion is filed in each case to address the differences in standing and requested relief.

[5] In light of our holding that Act 77 violates the Pennsylvania Constitution, we need not address Petitioners' claims under the United States Constitution.

3

*Harrisburg*, 218 A.3d 497, 506 (Pa. Cmwlth. 2019) (quotation omitted). A "direct" interest requires a causal connection between the matter complained of and the party's interest. *Id*. An "immediate" interest requires a causal connection that is neither remote nor speculative. *Id*. The key is that the petitioner must be "negatively impacted in some real and direct fashion." *Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655, 660 (Pa. 2005).

Petitioners argue that they meet the above standards either as candidates for office or as registered voters. As registered voters, Petitioners have a right to vote on a constitutional amendment prior to the implementation of no-excuse mail-in voting in Pennsylvania. As past and likely future candidates for office, Petitioners have been or will be impacted by dilution of votes in every election in which improper mail-in ballots are counted. As candidates, Petitioners argue that they will have to adapt their campaign strategies to an unconstitutional law.

The Acting Secretary responds that Petitioners' interest as registered electors does not confer standing.[6] She argues that courts have repeatedly rejected the "vote dilution" theory of injury advanced by Petitioners and, further, Petitioners have not explained how mail-in voting injures them as past and future candidates for office.

This Court has recognized that voting members of a political party have a substantial interest in assuring compliance with the Election Code[7] in that party's primary election. *In re Pasquay*, 525 A.2d at 14. Likewise, a political party has

---

[6] Notably, this Court has observed that "any person who is registered to vote in a particular election has a substantial interest in obtaining compliance with the election laws by any candidate for whom that elector may vote in that election." *In re Williams*, 625 A.2d 1279, 1281 (Pa. Cmwlth. 1993) (quoting *In re Pasquay*, 525 A.2d 13, 14 (Pa. Cmwlth. 1987)).

[7] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§2600-3591.

standing to challenge the nomination of a party candidate who has failed to comply with election laws. *In re Barlip*, 428 A.2d 1058 (Pa. Cmwlth. 1981).[8] In *In re Shuli*, 525 A.2d 6, 9 (Pa. Cmwlth. 1987), this Court concluded that a candidate for district justice had standing to challenge his opponent's nominating petition because his status as a candidate for the same office gave him a substantial interest in the action. *See also In re General Election – 1985*, 531 A.2d 836, 838 (Pa. Cmwlth. 1987) (candidate in general election had standing to challenge judicial deferment and resumption of election because it could have jeopardized the outcome of the election, a possibility sufficient to show "direct and substantial harm").[9] In sum, a candidate has an interest beyond the interest of other citizens and voters in election matters. Because Petitioners have been and will be future candidates, they have a cognizable interest in the constitutionality of Act 77.

Nevertheless, the Acting Secretary directs the Court to *In re General Election 2014* (Pa. Cmwlth., No. 2047 C.D. 2014, filed March 11, 2015).[10] In that case, the manager of a rehabilitation center in the City of Philadelphia filed an emergency application for absentee ballots for five patients who had been admitted to the facility just before the 2014 General Election. The trial court granted the

---

[8] In *In re Barlip*, this Court held that a county Republican Committee had standing to challenge the nomination of a Republican candidate who failed to comply with election laws. We explained that "a political party, by statutory definition,[] is an organization representing qualified electors, [thus] it maintains the same interest as do its members in obtaining compliance with the election laws so as to effect the purpose of those laws in preventing fraudulent or unfair elections." *In re Barlip*, 428 A.2d at 1060. "Moreover, a political party may suffer a direct and practical harm to itself from the violation of the election laws by its candidates, for such noncompliance or fraud will ultimately harm the reputation of party and impair its effectiveness." *Id.*

[9] Notably, in *Barbieri v. Shapp*, 383 A.2d 218, 221 (Pa. 1978), the State Court Administrator had standing to seek a declaration that four judicial offices be filled by an election, as required by statute.

[10] Under Section 414(a) of this Court's Internal Operating Procedures, an unreported opinion may be cited for its persuasive value. 210 Pa. Code §69.414(a).

emergency application over the objections of attorneys for the Republican State Committee and the Republican City Committee. Two registered electors (objectors), who had not participated in the hearing on the emergency application, appealed the trial court's order and raised the same objections as the Republican committees, which were no longer participating. The trial court determined that the objectors lacked standing.

On appeal, the objectors argued that the trial court erred, asserting that as registered electors in the City of Philadelphia, they had "a substantial, immediate and pecuniary interest that the Election Code be obeyed." *In re General Election 2014*, slip op. at 12. The objectors claimed that the disputed absentee ballots affected the outcome of the General Election in which they had voted.

In quashing the objectors' appeal of the trial court's order, this Court held, *inter alia*, that the objectors were not "aggrieved" because they could not establish a "substantial, direct and immediate" interest. *Id.*, slip op. at 11 (citing *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 286 (Pa. 1975)). In so holding, we relied upon *Kauffman v. Osser*, 271 A.2d 236 (Pa. 1970),[11] where our Pennsylvania Supreme Court rejected a challenge to absentee ballots that was premised on a speculative theory of vote dilution:

> Basic in appellants' position is the [a]ssumption that those who obtain absentee ballots, by virtue of statutory provisions which they deem invalid, will vote for candidates at the November election other than those for whom the appellants will vote and thus will cause a dilution of appellants' votes. This assumption, unsupported factually, is unwarranted and cannot afford a sound

---

[11] In *Kauffman*, registered Democratic electors filed a declaratory judgment action against the Philadelphia Board of Elections and its chief clerk to challenge a section of the Election Code that permitted electors and their spouses on vacation to vote by absentee ballot. The objecting electors argued that they would have their votes diluted by the absentee ballots.

6

basis upon which to afford appellants a standing to maintain this action.

*Kauffman*, 271 A.2d at 239-40. We concluded that, as in *Kauffman*, the objectors' interest was common to all qualified electors. Further, the objectors offered no support for their claim that the five absentee ballots they challenged would impact the outcome of the election.

In contrast to *In re General Election 2014*, Petitioners have pleaded an interest as candidates, as well as electors, and this matter extends far beyond five absentee ballots. In the 2020 general election, 2.7 million ballots were cast as mail-in or absentee ballots; more than 1.38 million Pennsylvania electors have requested to be placed on a permanent mail-in ballot list. Affidavit of Jonathan Marks ¶25. Given these numbers, it is obvious that no-excuse mail-in voting impacts a candidate's campaign strategy. We conclude that Petitioners have standing.

Even so, this case presents the special circumstances where taxpayer standing may be invoked to challenge the constitutionality of governmental action. The Pennsylvania Supreme Court has established that a grant of taxpayer standing is appropriate where (1) governmental action would otherwise go unchallenged; (2) those directly affected are beneficially affected; (3) judicial relief is appropriate; (4) redress through other channels is not appropriate; and (5) no one else is better positioned to assert the claim. *Application of Biester*, 409 A.2d 848, 852 (Pa. 1979). Petitioners meet all five requirements. Because the Acting Secretary has not challenged the constitutionality of Act 77, it may go unchallenged if Petitioners are denied standing.

In *Sprague v. Casey*, 550 A.2d 184 (Pa. 1988), a taxpayer challenged the special election to fill one seat on the Supreme Court and one seat on the Superior Court scheduled for the General Election of November 1988. The respondents

7

argued that the taxpayer lacked standing because the governmental action he challenged did not substantially or directly impact him. The Supreme Court determined that taxpayer standing under *Biester* was warranted because the "election would otherwise go unchallenged because respondents are directly and beneficially affected" and chose not to initiate legal action. *Sprague*, 550 A.2d at 187. The Court explained that "[j]udicial relief is appropriate because the determination of the constitutionality of the election is a function of the courts … and redress through other channels is unavailable." *Id*. (citation omitted).

We reject the challenge of the Acting Secretary and the Democratic Intervenors to Petitioners' standing to initiate an action to challenge the constitutionality of Act 77's system of no-excuse mail-in voting.

### Conclusion

For all of the above reasons, we grant Petitioners' application for summary relief, in part, and, in accordance with our analysis in *McLinko*, declare Act 77 to violate Article VII, Section 1 of the Pennsylvania Constitution,[12] PA. CONST. art. VII, §1.

_____
MARY HANNAH LEAVITT, President Judge Emerita


Former President Judge Brobson, Judge Covey, and former Judge Crompton did not participate in the decision in this case.

---

[12] Given our grant of declaratory relief to Petitioners, we need not address the federal claims. Additionally, Petitioners' request for nominal damages, attorneys' fees and costs is denied.

Doug McLinko, : **CASES CONSOLIDATED**
        Petitioner :
   :
   :
        v. : No. 244 M.D. 2021
   :
Commonwealth of Pennsylvania, :
Department of State; and :
Veronica Degraffenreid, in her :
official capacity as Acting Secretary :
of the Commonwealth of Pennsylvania, :
        Respondents :


Timothy R. Bonner, P. Michael Jones, :
David H. Zimmerman, Barry J. Jozwiak, :
Kathy L. Rapp, David Maloney, :
Barbara Gleim, Robert Brooks, :
Aaron J. Bernstine, Timothy F. :
Twardzik, Dawn W. Keefer, :
Dan Moul, Francis X. Ryan, and :
Donald "Bud" Cook, :
        Petitioners :
   :
        v. : No. 293 M.D. 2021
   :
Veronica Degraffenreid, in her official :
capacity as Acting Secretary of the :
Commonwealth of Pennsylvania, and :
Commonwealth of Pennsylvania, :
Department of State, :
        Respondents :

# **O R D E R**

AND NOW, this 28th day of January, 2022, it is ORDERED that the application for summary relief filed by Petitioners Timothy R. Bonner and 13 other

members of the Pennsylvania House of Representatives in the above-captioned matter is GRANTED, in part. Act 77 is declared unconstitutional and void *ab initio*. Petitioners' request for injunctive relief, nominal damages and reasonable costs and expenses, including attorneys' fees, is DENIED.

The application for summary relief filed by Respondents Veronica Degraffenreid, in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, and the Department of State is DENIED.

_____
MARY HANNAH LEAVITT, President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Doug McLinko,               :
                                :
                    Petitioner       :
                                :
                 v.              : No. 244 M.D. 2021
                                :
Commonwealth of Pennsylvania,    :
Department of State; and         :
Veronica Degraffenreid, in her      :
official capacity as Acting Secretary   :
of the Commonwealth of Pennsylvania, :
                                :
                   Respondents    :


Timothy R. Bonner, P. Michael Jones,   :
David H. Zimmerman, Barry J.       :
Jozwiak, Kathy L. Rapp, David       :
Maloney, Barbara Gleim, Robert     :
Brooks, Aaron J. Bernstine, Timothy F. :
Twardzik, Dawn W. Keefer, Dan      :
Moul, Francis X. Ryan, and Donald    :
"Bud" Cook,                         :
                                :
                   Petitioners     :
                                :
                 v.              : No. 293 M.D. 2021
                                : Argued: November 17, 2021
Veronica Degraffenreid, in her official :
capacity as Acting Secretary of the    :
Commonwealth of Pennsylvania, and   :
Commonwealth of Pennsylvania,     :
Department of State,             :
                                :
                   Respondents    :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE ELLEN CEISLER, Judge

CONCURRING AND DISSENTING OPINION
BY JUDGE WOJCIK                          FILED:      January 28, 2002


I concur in the Majority's disposition of the procedural objections in this matter.  I dissent from the Majority's disposition of the substantive claims regarding the constitutionality of the Act of October 31, 2019, P.L. 552, No. 77 (Act 77), for the reasons expressed in my Concurring and Dissenting Opinion in the companion case, *McLinko v. Commonwealth*, __ A.3d __ (Pa. Cmwlth., No. 244 M.D. 2021, filed January 28, 2022).  I only add that Petitioners' federal constitutional claims are without merit as they are based on the purported violation of the Pennsylvania Constitution, which claims are meritless for the reasons outlined therein.

Accordingly, unlike the Majority, I would grant Respondents' Application for Summary Relief with respect to the substantive claims of the constitutionality of Act 77, and dismiss Petitioners' petitions for review with prejudice.


_____
MICHAEL H. WOJCIK, Judge


Judge Ceisler joins in this Concurring/Dissenting Opinion.


MHW-2