511 A.2d 754

**In re the Nomination Petition of Pete WAGNER for the Office of Representative in the General Assembly, Pennsylvania District 22.**

**Appeal of Stephen SEVENTY.**

Supreme Court of Pennsylvania.

Argued April 16, 1986.

Decided June 20, 1986.

William Martin Sloane, Camp Hill, for appellant.

Michael Q. Davis, Jeannine Turgeon, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

McDERMOTT, Justice.

This appeal has been brought from an order of the Commonwealth Court refusing appellant's request to amend his "Petition to Set Aside Nomination Petition for Pete Wagner."

Appellant in this matter is Stephen Seventy, who is the incumbent Representative in the General Assembly for the 22nd Legislative District. Appellee is Pete Wagner, a candidate for the Democratic nomination for Representative Seventy's seat.

The relevant facts of this case are as follows. On March 11, 1986, Mr. Wagner, acting pursuant to the Pennsylvania Election Code,[1] filed his nominating petition for the legislative seat currently held by appellant. This petition contained three hundred and fifty-two signatures. On March 18, 1986, which by statute was the last day upon which to file a challenge to the nominating petition, appellant filed a petition to set aside Wagner's petition. In it he challenged eighty-one signatures. As a result a hearing was scheduled for March 31, 1986. In the interim, on March 24, 1986, appellant filed a "Motion for Leave to File an Amended Petition," in which he sought to challenge an additional sixty-two signatures on appellee's nominating petition. On March 27, 1986, appellant's motion to amend was denied by the Honorable Madeline Palladino of the Commonwealth Court. From that order Representative Seventy brought this direct appeal.

1. Act of June 3, 1937, P.L. 1333, art. I, § 101 *et seq.*, 25 P.S. § 2601 *et seq.*, as amended.

This matter was argued before the Court on April 16, 1986. Because of the urgency of the matter we entered an order, prior to issuing an opinion, on April 24, 1986. That order affirmed the action of the Commonwealth Court.[2] This opinion is filed to enunciate the rationale for our action.

The Pennsylvania Election Code requires a candidate who seeks public office to file a nomination petition. Said petition must be "signed by duly registered and enrolled members of (the candidate's) party who are qualified electors of the State, or of the political district, as the case may be, within which the nomination is to be made or election is to be held." 25 P.S. § 2867. When the office sought is Representative in the General Assembly, the candidate is required to submit three hundred valid signatures. See 25 P.S. § 2872.1.

As noted above, the petition in this case contained three hundred and fifty-two signatures. Appellant initially challenged eighty-one of these signatures. After a hearing it was determined that thirty-one of the eighty-one challenged signatures were invalid. Obviously, it is appellant's contention that had the challenges to the additional sixty-two signatures been permitted, enough additional signatures would have been stricken to invalidate Mr. Wagner's nominating petition.

Judge Palladino's reasons for denying appellant's additional challenges were succinctly set forth: "This Court denied the Motion on March 27, 1986, because the challenge to new signatures was beyond the seven day period set forth in Section 977 of the Election Code, 25 P.S. § 2937, and because [Mr. Wagner] would not have had the opportunity to propose a defense to the new challenges." Slip Op. No. 719 C.D. 1986, p. 4. fn. 2.

Section 977 of the Election Code, provides in relevant part:

**2.** Mr. Justice Larsen and Mr. Justice Zappala dissented from that decision.

All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, *with seven days after the last day for filing said nomination petition or paper,* a petition is presented to the court *specifically* setting forth the objections thereto, and praying that the said petition or paper be set aside.

25 P.S. § 2937 (emphasis added).

There was no dispute in this case that appellant's second challenge was filed beyond the seven day period set out above. However, it was appellant's contention that his second challenge raised the same issues as his first, and therefore should have been permitted. In support of his position, he principally relied upon the case of *Beynon Appeal,* 370 Pa. 532, 88 A.2d 789 (1952).

In *Beynon,* the objector to the petition filed a timely petition to strike off the nominating petition. Thereafter, a hearing was held in which certain signatures were challenged for reasons ranging from duplications to unauthorized signatures. After the close of the hearing, and four days after the statutory objections period had run, the hearing court permitted the objector to reopen the hearing, present additional testimony, and amend his pleadings. At this reopened hearing, the objector presented new evidence that the challenged signatures were invalid for a reason not previously asserted, i.e., that the persons were not of the same party as the candidate. In approving the action of the lower court this Court held:

> ... where, as here, there are general allegation of the specific ground of invalidity which sufficiently advise the proposed candidate of the errors in his nomination petitions so that he is in a position to present any defense he may have to such allegations, it is not an abuse of discretion to allow an amendment ...

*Id.,* 370 Pa. at 538, 88 A.2d at 792.

Though we acknowledge that the facts in *Beynon* are similar to the instant case, they differ in a significant way. In *Beynon* the reason for reopening the proceedings and

permitting an amendment to the pleadings was to permit the objector to conform the evidence to the specific challenges which he had timely raised. The objector there was not raising additional challenges to the petition, he was merely supporting his original challenges with additional evidence. The Court found no problem with allowing an amendment in such case, since the candidate had been sufficiently put on notice of the signatures which were to be challenged. Once challenged the candidate was charged with verifying their validity. Since party affiliation is one of the most basic requirements for a valid signature, even a cursory investigation of the signatures would have revealed any problem, and the candidate would have been able to prepare a defense.

Here, however, appellant was challenging new signatures. If an amendment had been allowed in this case, the petitioner would have been required to investigate additional signatures, and raise additional defenses. Placing this burden on the petitioner, after the statutory objection period had run, would render nugatory the protections offered by Section 977; and defeat the interests sought to be furthered by that Section. *See Turtzo v. Boyer*, 370 Pa. 526, 88 A.2d 884 (1952).

For the foregoing reasons, we affirmed the order of Judge Palladino.

LARSEN, J., notes his dissent, ZAPPALA, J., files a dissenting opinion.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the Order of the Commonwealth Court entered March 27, 1986 is affirmed.

ZAPPALA, Justice, dissenting.

In *Beynon Appeal*, 370 Pa. 532, 88 A.2d 789 (1952) we held that form should not be exhalted over substance. As long as a candidate is apprised of what objections to his

nomination petition he must defend, granting leave to amend the petition challenging the nomination petition is proper. Under the facts of this case, the proposed amendment was an extension of the existing challenges not a new challenge. The appellee ab initio was on notice that the validity of the signatures on his nomination petition was being challenged. In fact, at no time has the appellee asserted that he was unaware of the objections nor prevented from properly defending the same. Accordingly, I would permit the amendment.