discretion in suppressing the evidence. Although the suppression court did not specifically cite to the *Williams* test, it is clear from its discussion on the record that it evaluated the Commonwealth evidence in light of *Williams* and determined that the weight of the evidence supported suppression because exigent circumstances did not exist for seizure without a warrant. As such, the Superior Court erred in substituting its own judgment for that of the suppression court.

NIX, C.J., joins this opinion and files a concurring opinion.

FLAHERTY, J., joins this opinion and the concurring opinion of NIX, C.J.

579 A.2d 860

**In re Nomination Petition of Louise BISHOP 2460 N. 59th Street as Democratic Candidate for the Office of Representative in the General Assembly for the 192nd District.**

**In re Objection of Carol Ann CAMPBELL.**

Supreme Court of Pennsylvania.

Argued April 5, 1990.

Decided April 27, 1990.

Carole F. Kafrissen, for appellant.

Gregory Harvey, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## ORDER OF COURT

PER CURIAM.

The order of the Commonwealth Court is affirmed. Opinion to follow.

NIX, C.J., did not participate in the consideration or decision of this matter.

579 A.2d 860

**In re Nomination Petition of Louise BISHOP, 2460 N. 59th Street as Democratic Candidate for the Office of Representative in the General Assembly for the 192nd District.**

**In re Objection of Carol Ann CAMPBELL.**

Supreme Court of Pennsylvania.

Argued April 5, 1990.

Decided Sept. 11, 1990.

