575 A.2d 542

**In re Nomination Petition of John P. KERSTEN, also known as Jhon P. Kersten.**

**Appeal of John A. ZANELLA, Objector.**

Supreme Court of Pennsylvania.

Argued April 6, 1990.

Decided May 17, 1990.

66

William Martin Sloan, Boiling Springs, Karen M. Balaban, Harrisburg, for appellant.

George O. Wagner, Danville, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This direct appeal has been brought from an order of the Commonwealth Court dismissing Petitioner–Appellant's objections to the nominating petition of John V. Kersten. The facts, as gleaned from the opinion of the court below, are as follows.

John A. Zanella (Zanella) filed timely objections to the nomination petition of John P. Kersten (Kersten), who is a candidate for the Republican nomination for the office of Representative in the General Assembly for the 107th Legislative District, which is located in Northumberland County. Zanella is a registered Republican elector residing in the 107th Legislative District. To be placed on the ballot, Kersten had to submit a nomination petition containing the valid signatures of 300 Republican electors within the 107th Legislative District. The petition submitted by Kersten was found by Commonwealth Court to contain 417 signatures.

Zanella objected to Kersten's nomination petition on various grounds. A hearing on the objections was held by the Commonwealth Court on March 22, 1990 in Harrisburg. At the hearing, Zanella was successful in challenging seventy-seven (77) of the electors' signatures. In addition, Zanella challenged pages one and two of Kersten's petition on the basis that the circulator of those pages also notarized them, that is, she notarized her own signature. Pages one and two of the petition contain at least seventy-four (74) signatures, eighty-four according to Zanella, and if the defect on

pages one and two could not be amended, Zanella's objections would have to be granted.

At the hearing, Kersten presented the testimony of Martha Millbrand, the individual who circulated and notarized pages one and two of the petition. Ms. Millbrand testified that she personally observed each of the electors identified thereon sign the petition. In notarizing pages one and two of the petition, Millbrand stated that she neither knew nor thought that she was doing anything improper since she did not have a financial interest in the outcome of the election. If she had such an interest, her notarization would have been prohibited under 57 P.S. § 165(e). Kersten then offered into evidence amended affidavits attached to copies of pages one and two of the petition. Ms. Millbrand is the circulator identified on the amended affidavits and Frederick Reed is the stated notary.

Zanella contends that our opinion in *Citizens Committee to Recall Rizzo v. Board of Elections of Philadelphia*, 470 Pa. 1, 367 A.2d 232 (1976), required the Commonwealth Court to disallow pages one and two of the petition and to prohibit the amended affidavits. The Commonwealth Court properly disagreed. Although it is true that *Rizzo* discussed the propriety of disallowing those portions of a recall petition which were both circulated and notarized by the same individual, the *Rizzo* opinion did not discuss whether such a petition could be amended, and under Section 977 of the Election Code, 25 P.S. § 2937, which is applicable to this case, amendments of defects in the petition are permitted in the court's discretion.

Zanella also cites *In re Nomination Petition of Cianfrani*, 467 Pa. 491, 359 A.2d 383 (1976), for the proposition the amended affidavit filed in this case was itself invalid because an "affidavit affixed necessarily speaks from the moment the oath was administered." 359 A.2d at 384. In other words, Zanella argues that not only was the amendment itself improperly allowed, but that the new notarization was ineffective because it cannot be read back to the date of Ms. Millbrand's original signature in order to au-

thenticate it. We think this argument exalts form over substance because Ms. Millbrand did appear in open court and swore to the authenticity of her own signature. This, however, in essence constituted an amendment to the nominating petition and the issue at the heart of this case is whether such an amendment should have been permitted in the exercise of the court's discretion under 25 P.S. § 2937, which provides:

**§ 2937. Objections to nomination petitions and papers**

All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto, and praying that the said petition or paper be set aside. A copy of said petition shall, within said period, be served on the officer or board with whom said nomination petition or paper was filed. Upon the presentation of such a petition, the court shall make an order fixing a time for hearing which shall not be later than ten days after the last day for filing said nomination petition or paper, and specifying the time and manner of notice that shall be given to the candidate or candidates named in the nomination petition or paper sought to be set aside. On the day fixed for said hearing, the court shall proceed without delay to hear said objections, and shall give such hearing precedence over other business before it, and shall finally determine said matter not later than fifteen (15) days after the last day for filing said nomination petitions or papers. If the court shall find that said nomination petition or paper is defective under the provisions of section 976, or does not contain a sufficient number of genuine signatures of electors entitled to sign the same under the provisions of this act, or was not filed by persons entitled to file the same, or if any accompanying or appended affidavit contains a material defect or error, it shall be set aside. For purposes of this section, a nomination petition or paper shall include all affidavits

required to be filed with such nomination petition or paper under this act. *If the objections relate to material errors of defects apparent on the face of the nomination petition or paper, or on the face of the accompanying or appended affidavits, the court, after hearing, may, in its discretion, permit amendments within such time and upon such terms as to payment of costs, as the said court may specify.* In case any such petition is dismissed, the court shall make such order as to the payment of the costs of the proceedings, including witness fees, as it shall deem just.... (Emphasis added). We find that there was no abuse of discretion here.

In *In re Wagner,* 510 Pa. 584, 511 A.2d 754 (1986), an objector brought a motion to amend his petition to set aside a candidate's nomination petition. We held that the objector's motion to amend his petition to challenge additional signatures to the nomination petition, filed after the seven day period set in the election code for challenging signatures, was properly denied by the Commonwealth Court. This case is distinguishable, of course, because here, we are dealing with an attempt to correct the nomination petition itself, and not to amend the objector's petition in order to raise additional challenges. Also, unlike *Wagner,* we are not dealing here with unfair surprise to either party. Ms. Millbrand's testimony in open court clearly cures the defect in the original nomination petition.

Pa.R.C.P. 1033 provides, *inter alia,* that a party "either by filed consent of the adverse party or by leave of court may, at any time ... amend his pleading." Whether leave should be granted by the court in the exercise of the court's sound discretion depends upon whether there is any resulting prejudice to an adverse party. *Kilian v. Allegheny County Distributors, Inc.,* 409 Pa. 344, 185 A.2d 517 (1962), and leave should be liberally granted. Goodrich–Amram 2d, § 1033:1. There was no such prejudice to Zanella here and clearly no abuse of discretion.

Affirmed.

70

CAPPY, J., did not participate in the consideration or decision of this matter.

McDERMOTT, J., files a dissenting opinion in which LARSEN, J., joins.

McDERMOTT, Justice, dissenting.

The affidavit here was defective. The affidavit to the petition is to protect the integrity of the election process. The argument that the candidate was not prejudiced is irrelevant to that consideration. *See Citizens Committee to Recall Rizzo v. Board of Elections of Philadelphia,* 470 Pa. 1, 367 A.2d 232 (1976); *In re Nomination Petition of Cianfrani,* 467 Pa. 491, 359 A.2d 383 (1976).

LARSEN, J., joins this dissenting opinion.