579 A.2d 860

**In re Nomination Petition of Louise BISHOP, 2460 N. 59th Street as Democratic Candidate for the Office of Representative in the General Assembly for the 192nd District.**

**In re Objection of Carol Ann CAMPBELL.**

Supreme Court of Pennsylvania.

Argued April 5, 1990.

Decided Sept. 11, 1990.

Carole F. Kafrissen, Philadelphia, for appellant.

Gregory Harvey, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

This is an appeal from the order of the Commonwealth Court quashing an objection to a Nomination Petition and denying the Appellant's motion to amend her objection to that Petition.

The Appellant in this case is Carol Ann Campbell ("Campbell"), a candidate for the Democratic Party nomination in the May 15, 1990 primary for the Office of Representative in the General Assembly for the 192nd District. The Appellee is the Honorable Louise Bishop ("Bishop"), the incumbent Democratic Representative in the General Assembly for the 192nd District.

Bishop timely filed her nomination petition pursuant to the requirements of the Election Code, 25 P.S. section 2600 *et seq.* The nomination petition contained at least eight hundred and eight (808) signed lines of which three hundred were necessary for a valid nomination to the office sought, as prescribed by 25 P.S. section 2872.1(14).

On March 13, 1990, which was the last day an objector could file a challenge to the nomination petition, Campbell filed an objection to Bishop's petition, correctly titled as a "Petition to Set Aside the Nomination Petition" ("the Objection"). In the Objection, Campbell challenged the circulator's affidavits of five named individuals. The challenged affidavits were attached to sheets bearing four hundred and fifty-one signed lines, leaving three hundred and fifty seven names. The Objection also set forth general allegations that 'many' signatures were not of persons qualified to sign or were forged. However, the Objection did not identify a single signed line of the Nomination Petition as to which

such general allegations were directed. The Objection contained the following paragraphs:

Paragraph (f) states: Many of the signers of the said purported nomination petition are not nor or (sic) at the time of signing of said petition were not lawful, valid registered members of the Democratic party and are in fact not registered or registered Republicans or registered nonpartisans or registered as members of the Democratic party in a legislative district other than the 192nd District.

Paragraph (g) states: The signatures of many of the alleged signers of the petition were forged.

Paragraph (h) states: Petitioner reserves the right to amend this petition as to additional objections as are appropriate at the time of hearing in this matter.

At the hearing in the Commonwealth Court on March 20, 1990, Bishop presented a motion to quash and dismiss the Objection. Campbell orally moved the court for leave to amend the Objection by adding thereto seven pages containing objections to specific signatures as to which Campbell intended to present evidence in support of invalidation. Campbell provided to the court a copy of the proposed amendment and stated that she had handed a copy to counsel for Bishop at the time he presented her with a copy of the motion to quash.

At the conclusion of oral presentation of the respective motions of the parties, the court granted the motion to quash the Petition to Set Aside the Nomination Petition.

Judge Colins determined that the specific challenges set forth in the Objection failed to allege a *prima facie* case, as there were sufficient signatures to validate the nomination petition, even assuming *arguendo* that the facts alleged with respect to the circulator's affidavits were proved.

The court further held that the objections contained in paragraphs (f), (g), and (h) did not comply with the mandate of the Election Code, which requires that *specific* objections must be filed within seven (7) days after the last day for

filing nomination petitions. The pertinent section of the Election Code provides as follows:

Sec. 2937. Objections to nomination petitions and papers.

All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, *within seven days after the last day for filing said nomination petition or paper,* a petition is presented to the court *specifically* setting forth the objections thereto, and praying that the said petition or paper be set aside. (emphasis supplied).

■ Based on the clear language of the statute, we agree with the ruling of Judge Colins of the Commonwealth Court and hold that the allegations contained in paragraphs (f), (g), and (h) of the Objection filed by Campbell did not comply with the requirements of the Election Code, as they were merely boilerplate, rather than specific objections. These improper objections could not be remedied by the attempt to file a more specific set of objections at the time of the hearing. The Election Code is clear; the specific objections to the Petition must be filed within the seven (7) day time period. There is nothing in the Code that permits the challenger to file a general set of objections and then supplement those objections with more detailed claims after the time limit has run. Were we to rule otherwise, we would be eviscerating the clear meaning and intent of the statute.

The facts of this case are governed by our holding in *In re Wagner,* 510 Pa. 584, 511 A.2d 754 (1986), in which we held that permitting a challenger to raise new objections by an amended petition after the statutory time period had run "would render nugatory the protections offered by [the Section]; and defeat the interests sought to be further by that Section." *Id.* 510 Pa. at 588, 511 A.2d at 756.

■ In the case *sub judice,* Campbell did not raise the specific objections within the seven day time period. Rather, the objections she raised were as informative as if she had raised no objections at all. The purpose of the statute is to give fair notice to the person seeking a nomination that

his petition contains improper signatures (or other deficiencies) and provide that person with enough information to mount a defense to the challenges. When the Objection provides no notice from which a reasonable person could glean which signatures are challenged or what is the substance of the claimed deficiency, the challenge must fail as a matter of law.

The requirement of specificity in the Objection was also addressed in *Appeal of Beynon*, 370 Pa. 532, 88 A.2d 789 (1952), in which the challenger was permitted to amend his objection to conform the evidence to the *specific* challenges which he had raised in a timely manner. As we noted in that case,

> [h]owever, it was undoubtedly necessary for the objector to set forth the names of the specific signatures he attacked as not being in the handwriting of the purported signers since that is the only method by which a proposed candidate would be advised of the proof he had to meet. *Id.* 370 Pa. at 537, 88 A.2d at 792, n. 1.

In the case *sub judice*, there was no specific objections raised nor any specific names challenged in a timely fashion, and thus no right to amend at a later date. As we stated in *Beynon, supra,* the allegations must set forth the specific grounds of invalidity so as to sufficiently advise the proposed candidate of the errors in his nomination petitions so that he is in a position to present any defense he may have to such allegations. This standard, as set forth in *Beynon*, was simply not met in the instant case.

If the challenger claims that any signature on the petition is invalid, he must cite the page, line and reason for the invalidity in his petition to challenge. Therefore the failure to comply with this requirement will render the challenge fatal.

Accordingly, for the reasons set forth herein, the decision of the Commonwealth Court is affirmed.

NIX, C.J., did not participate in the consideration or decision of this matter.