635 A.2d 111

In re Nominating Petitions of Mary Alice DUFFY
for the Office of Justice of the Supreme
Court of Pennsylvania.

Objection of Doris A. SMITH.

Appeal of Mary Alice DUFFY.

Supreme Court of Pennsylvania.

Submitted April 28, 1993.

Decided Nov. 3, 1993.

Mary Alice Duffy, Deirdre M. Mullen, Gregory M. Harvey, Philadelphia, for appellant

Jack E. Feinberg, Wynnewood, for appellant.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## *OPINION*

ZAPPALA, Justice.

This is an appeal from an Order of the Commonwealth Court setting aside the Nomination Petition of Mary Alice Duffy as Democratic Candidate for Justice of the Supreme Court of Pennsylvania. This Court has jurisdiction pursuant to 42 Pa.C.S. § 723(a). Because final resolution of this matter was necessary prior to the primary election of May 18, 1993, we decided it by Order dated May 12, 1993, affirming the Order of the Commonwealth Court and indicating that an Opinion would follow. This Opinion is now filed in support of that Order.

The Appellant is Mary Alice Duffy, who filed a nominating petition containing 1574 signatures from six counties in order to be placed on the ballot for the Democratic Party nomination for Justice of the Supreme Court to be determined in the primary election scheduled for May 18, 1993.[1] This action was commenced in the original jurisdiction of the Commonwealth Court pursuant to the Election Code, Act of June 3, 1937, P.L. 1333, as amended, 25 P.S. § 2937 (Supp.1992), with the filing of a Petition to Set Aside the Nominating Petition (Objection) by the Appellee, the Honorable Doris A. Smith, also a candidate for that nomination.

The objection raised challenges with respect to the papers filed from Chester and Lackawanna Counties. The court, after hearing, determined that the principal objection to the Lackawanna County papers, that the circulator filed a false affidavit, was meritless. Since the challenges to individual signators in Lackawanna County, even if successful, would not reduce the number of signatures below 100, the court made no specific ruling on those objections.

However, the court found that 57 signatures on the Chester County papers should be stricken, reducing the total number of valid signatures thereon to 89. Because Section 912.1 of

---

1. The Appellant obtained 577 signatures from Philadelphia County, 433 from Delaware County, 217 from Bucks County, 168 from Lackawanna County, 146 from Chester County, and 33 from Montgomery County.

the Election Code, 25 P.S. § 2872.1(8) (Supp.1992), requires that a candidate for the office of Justice of the Supreme Court obtain at least one thousand signatures, with at least 100 from each of five counties, the court ordered the nomination petition stricken.

The Appellant argues that Commonwealth Court erred in finding that the Objection was sufficiently specific to meet the requirements of the Election Code and permit the Appellee to go forward at the hearing with evidence to establish the invalidity of individual signatures.

Section 977 of the Election Code, 25 P.S. § 2937 (Supp. 1992), provides as follows:

All nomination petitions and papers received and filed within the periods limited by this act shall be deemed valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto, and praying that the petition or paper be set aside.

We recently had occasion to address the application of this language in *Petition of Bishop*, 525 Pa. 199, 579 A.2d 860 (1990). There, the Objection "set forth general allegations that 'many' signatures were not of persons qualified to sign or were forged. However, the Objection did not identify a single signed line of the Nomination Petition as to which such general allegations were directed." *Id.*, 525 Pa. at 201–02, 579 A.2d at 861–62. The Objection also contained a paragraph purporting to "reserve[ ] the right to amend this petition as to additional objections as are appropriate at the time of hearing in this matter." *Id.*, 525 Pa. at 202, 579 A.2d at 862.

Commonwealth Court quashed the Objection and we affirmed. With respect to the attempt to amend the Objection at the time of the hearing, we stated

The Election Code is clear; the specific objections to the petition must be filed within the seven (7) day time period. There is nothing in the Code that permits the challenger to file a general set of objections and then supplement those

objections with more detailed claims after the time limit has run.

*Id.,* 525 Pa. at 203, 579 A.2d at 862. With respect to the requirement of specificity, we stated

"there was [sic] no specific objections raised nor any specific names challenged in a timely fashion, and thus no right to amend at a later date. As we stated in [Appeal of] *Beynon,* [370 Pa. 532, 88 A.2d 789 (1952)] the allegations must set forth the specific grounds of invalidity so as to sufficiently advise the proposed candidate of the errors in the nomination petitions so that he is in a position to present any defense he may have to such allegations."

*Id.,* 525 Pa. at 204, 579 A.2d at 863. In summary conclusion, we held in *Bishop* that "[i]f the challenger claims that any signature on the petition is invalid, he must cite the page, line and reason for the invalidity in his petition to challenge." *Id.*

In the case at bar, the Objection contained the following language:

The Respondent, in her nominating petition ... has failed to comply with the Pennsylvania Election Code and has filed a defective nominating petition for the following reasons:

(a) The affidavits of the circulators state that each signer is a duly registered voter in the Democratic party in the respective counties whereas, in fact, a number of the electors are not registered voters in the Democratic party.

(b) The Petitioner respectfully reserves the right to amend this Petition to add any additional objections as are appropriate at the time of the hearing and to specifically list those electors who are not members of the Democratic party or who do not live where stated in the Petition.

(c) *The signatures of 1 through 50 inclusive are invalid since the purported signatures [sic] were not registered voters in the Democratic party and the signatures are not authentic.*

(Emphasis added.) Virtually the same language was used in setting forth challenges to each of the papers for Chester County.

It is clear beyond peradventure that the language contained in paragraph (a) and the first half of paragraph (b) is precisely that which we held inadequate in *Bishop*. Therefore, this case turns on whether the remaining language, emphasized above, is sufficiently specific. We find that it is.

Of the 1574 signatures that appeared on the Appellant's nominating papers, the 146 that appeared on the papers from Chester County were singled out for being invalid. The Objection clearly indicates the page number of the signatures being challenged. Furthermore, the language clearly identifies the lines of the signatures that are being attacked: those appearing on lines 1 through 50 inclusive on the respective page. Finally, the language indicates that the signatures are being attacked on two grounds: the party affiliation of the signer and the authenticity of the signature itself.

The Appellant argues that an Objection must *individually* identify by page and line the signature being challenged and the specific grounds for the invalidity. In other words, according to the Appellant, had the Objection before us contained a list with 146 entries, each identifying a page and line number and stating that the signature was being challenged on the basis of an invalid party registration and the authenticity of the signature itself, the Objection would have been valid. It is hard to imagine how an Objection drafted in this way would have placed the Appellant on any more notice than the Objection that was actually filed.[2]

In summary, we find that the Objection raised sufficiently specific objections to the candidate's nominating papers, and it was properly entertained. Since the Commonwealth Court found that the nominating papers did not have the minimum number of valid signatures required under the Election Code to entitle the candidate to a position on the primary election ballot, the nominating papers were properly set aside. Ac-

2. Compare *In re Wagner,* 510 Pa. 584, 511 A.2d 754 (1986) (objector could not, after expiration of seven day period for filing objection, amend objection in order to challenge signatures not challenged in original, timely filed objection.)

cordingly, the Order of the Commonwealth Court was affirmed by Order of this Court entered May 12, 1993.

LARSEN, J., participation in this matter was limited to consideration and decision of the Order entered.