674 A.2d 240

In the Matter of the Nomination Petition of Gary M. SAMMS, Candidate for Representative in the General Assembly from the 167th District.

Objection of Myron R. HENNINGER.

Appeal of Gary M. SAMMS.

Supreme Court of Pennsylvania.

Submitted March 19, 1996.

Decided April 12, 1996.

Samuel C. Stretton, Philadelphia, for Gary M. Samms.

John C. Bravacos, Dept. of State, for Myron R. Henninger.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

*OPINION OF THE COURT*

FLAHERTY, Justice.

This is an appeal from a memorandum decision of the Commonwealth Court which declared invalid the nomination

petition of appellant Gary M. Samms, a would-be candidate in the April 23, 1996 primary election.

Samms seeks the Democratic Party's nomination, from the 167th district, for the office of Representative in the General Assembly. A candidate for that office must file a nomination petition containing at least three hundred signatures. Election Code, 25 P.S. § 2872.1(14). Samms filed a petition containing three hundred three signatures. Appellee Myron R. Henninger, a registered Democrat who resides in the 167th district, filed a petition challenging five of the signatures. Two were alleged to be from persons registered in another political party. Two more were alleged to be from persons residing outside of the 167th district. An additional one was challenged as a duplicate, since Samms had signed his own nomination petition twice.

Samms filed a motion to dismiss Henninger's petition. He did not dispute the merits of the petition. Rather, he asserted that Henninger lacked standing as a real party in interest.

Samms claims that Henninger is a mere straw party in this action. He contends that Henninger does not actually wish to deny him the nomination, and that Henninger filed this action only as a favor to friends in the Republican Party. Samms further contends that counsel for Henninger is being paid by a Republican organization.

The real parties in interest, according to Samms, are various Republicans who solicited Henninger to assist in challenging the nomination petition. Samms claims that without the cooperation of a registered Democrat to act as a straw party in filing this action, the Republicans would have been unable to secure a challenge to his candidacy. This reflects the established rule that members of one party do not have standing to contest the nomination process of an opposing party. See *In re Pasquay*, 105 Pa.Commw. 532, 525 A.2d 13 (1987) (member of one party lacks standing to challenge the nomination petition of a candidate in another party's primary election), aff'd, 515 Pa. 453, 529 A.2d 1076 (1987).

At the hearing below, Samms introduced testimony in support of his averment that Henninger was acting as an instrumentality of a Republican organization.* Henninger's counsel was called as a witness, and he confirmed that he was asked by a Republican organization to represent Henninger. He also acknowledged that his fees were likely being paid by a Republican source. Another witness, a Democratic Party official, testified that Henninger expressed an intention to vote for Samms in the general election if Samms became the Democratic nominee. The witness related that Henninger said that he filed this action as a favor to a friend. He testified further that Henninger expressed a desire not to go back on his word to his friend. Samms also testified, and he too related statements made by Henninger declaring that Henninger would vote for him in the general election and stating that this action was filed as a favor to a friend. None of the witnesses testified, however, that Henninger ever stated a desire to withdraw the action. Henninger was not called as a witness and did not attend the hearing.

In view of the testimony indicating that Republicans motivated and assisted Henninger to challenge Samms' nomination petition, Samms contends that the court below erred in ruling that Henninger had standing as a real party in interest to file this action. We find no error.

In *Pasquay*, supra, we expressly affirmed on the opinion of the court below which addressed the requirement of standing to challenge nomination petitions. That opinion stated:

This court has previously recognized that a registered Democrat in a primary election has standing to challenge the nomination petitions of a Democrat candidate in his electoral district. *In re Duncan*, 102 Pa.Commonwealth Ct. 99, 516 A.2d 776 (1982). . . .

. . . [W]hile voting members of a particular political party do have a substantial interest in assuring Election Code compliance of the candidates in that party's primary election,

---

* The record discloses no objection made to hearsay, and the propriety of testimony from Henninger's counsel has not been raised in this appeal.

non-members, who are not eligible to participate in any manner, do not have such a substantial interest.

There can be no question that every voting member of the citizenry of Pennsylvania maintains an interest in assuring Election Code compliance from *all* candidates for *all* elected offices within the state. The factor that elevates the general interest of each registered voter to one that is sufficiently substantial to confer standing to challenge a candidate's nomination petition is that voter's eligibility to participate in the election.

(Footnote omitted.)

 Thus, to have standing to challenge a nomination petition, one must be registered to vote in the district holding the primary election and be a member of the political party to which the nomination pertains. Under *Pasquay*, there are no other requirements. Thus, Henninger, as a Democrat registered to vote in the 167th district, had standing to challenge the nomination petition of that district's Democratic candidate, Samms. The court below properly interpreted *Pasquay* as not making the existence of standing dependent on other factors, such as the challenger's underlying intentions and motivations. Such factors are simply not relevant when the requirements of standing set forth in *Pasquay* have been met.

 Samms next contends that the court below erred in denying his motion for dismissal of Henninger's petition. Dismissal was sought on the ground that Henninger was not present at the hearing. The motion was denied on the basis that Henninger was not required to attend, given that he made an appearance through counsel of record. Henninger's Democratic registration and residence within the 167th district were not contested; hence, there was no need for him to testify as to those matters. Also, Samms had not subpoenaed Henninger, even though he learned in advance that Henninger was not planning to attend. In short, there was no requirement for Henninger to be present.

Samms asserts, however, that Rule of Civil Procedure 218(c) requires that a person challenging a nomination petition at-

tend the hearing. That rule provides: "A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse." The note accompanying the rule provides: "The mere failure to appear for trial is a ground for the entry of a nonsuit or a judgment of non pros . . . ." Samms' reliance on this rule is, however, misplaced. We have held that the Rules of Civil Procedure are simply not applicable to cases involving challenges to nomination petitions. *In re Johnson*, 509 Pa. 347, 351-52, 502 A.2d 142, 145 (1985). See also *Petition of Acosta*, 525 Pa. 135, 138-39, 578 A.2d 407, 409 (1990), cert. denied, 498 U.S. 851, 111 S.Ct. 143, 112 L.Ed.2d 109 (1990).

■ The final argument raised by Samms is that the challenge to his nomination petition did not adequately identify the signatures that were being contested. This argument is patently without merit. Although Henninger did not specify the names of the persons whose signatures were being challenged, he did set forth the exact page and line number of every contested signature on the nomination petition. This was perfectly adequate to provide Samms with notice of the disputed portions of his nomination petition. See *In re Bishop*, 525 Pa. 199, 203-04, 579 A.2d 860, 862-63 (1990) (petition of challenger must be sufficiently specific to enable the candidate to determine which signatures are being contested, setting forth the pages and line numbers of challenged signatures). See also *In re Duffy*, 535 Pa. 286, 289-90, 635 A.2d 111, 112-13 (1993) (citation to pages and line numbers provides adequate notice of challenged signatures).

At the hearing, counsel for Samms conceded the merits of Henninger's petition, stating that only two hundred ninety-eight of the signatures on the nomination petition were valid. The Commonwealth Court properly held, therefore, that the nomination petition was invalid.

Order affirmed.