# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Nomination Petition of:     :
William Parker as Candidate for the   :
Democratic Nomination for United   :
States Senator                       : No. 109 M.D. 2024
                                       : HEARD: March 4, 2024
Objection of: Judith Ann Golding   :
Baker, Elaine Petrossian, and     :
Alexander Rose                  :

BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED: March 7, 2024**

On March 4, 2024, following an evidentiary hearing, an order was entered granting the Petition of Objectors Judith Ann Golding Baker, Elaine Petrossian, and Alexander Rose to Set Aside the Nomination Petition of William Parker as a candidate in the 2024 general primary election for the Democratic nomination for United States Senator. In addition, Mr. Parker's Motion to Dismiss the Objection Petition was denied. The basis of these decisions is as follows.

In addition to the arguments made in his Motion to Dismiss, at the hearing, Candidate raised two additional matters, questioning whether the Objection Petition was served on the Secretary of the Commonwealth and whether the Objectors had standing. Counsel for Objectors produced a copy of the Certificate of Service filed with this Court and service on the Secretary was not further disputed. Standing of the Objectors was established by viewing their information in the Statewide Uniform Registry of Electors (SURE) System, which established that each Objector was a registered Democrat in Pennsylvania. I found that Objectors' respective signatures in their verifications attached to their Objection Petition were

consistent with their signatures found in the SURE System. *See In re Samms*, 674 A.2d 240, 242 (Pa. 1996) (In order "to have standing to challenge a nomination petition, one must be registered to vote in the district holding the primary election and be a member of the political party to which the nomination petition pertains.").

Turning to Candidate's Motion, the following facts are undisputed. On February 13, 2024, the last day to file nomination petitions with the Secretary, Candidate proffered his approximately 140-page filing somewhere around 3:10 p.m. The office of the Secretary undertook its duty to examine the nomination petition and rejected it due to an insufficient number of valid signatures and an invalid affidavit of circulator, pursuant to Section 976 of the Pennsylvania Election Code, 25 P.S. § 2936.[1] Feb. 13, 2024 Nomination Petition Rejection Notice.[2] The Secretary's notice provided: "If the candidate is unable to correct the defects noted above on or before the statutory deadline, the only recourse is [the] filing of [a] mandamus action in Commonwealth Court, pursuant to . . . 25 P.S. [§] 2936." Because it was too late to obtain additional signatures and one or more amendatory affidavits within the hour or so before the deadline, he followed the procedure referenced by the Secretary and in *Parker v. Pennsylvania Department of State Board of Elections* (Pa. Cmwlth., No. 56 M.D. 2024, filed February 16, 2024), filed an Emergency Petition for Writ of Mandamus with this Court seeking "leave to amend the nomination petitions that bear [his] name in the circulator statements in which he personally collected himself" and to "require[] the Pennsylvania

---

[1] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2936.

[2] The provisions of the Election Code relating to the accompanying affidavits are not mere technicalities but are necessary measures to prevent fraud and to preserve the integrity of the election process. *In re Farnese*, 17 A.3d 357 (Pa. 2011); *In re Shimkus*, 946 A.2d 139 (Pa. Cmwlth. 2008); *In re Bedow*, 848 A.2d 1034 (Pa. Cmwlth. 2004).

Department of State Board of Elections *to accept and file* [his] nomination petitions." Feb. 15, 2024 Emergency Petition at 4 (emphasis added).

This Court granted Candidate's Emergency Petition stating:

> [U]pon notice that the Secretary . . . does not oppose [Candidate's] . . . Emergency Petition . . . , the Petition is **GRANTED**, provided that [he] file with the Secretary, **no later than Thursday, February 22, 2024, at 3:00 p.m.**, the original nomination petition pages, Candidate's Affidavit, Statement of Financial Interests, and filing fee . . ., along with a sworn supplemental circulator affidavit in the form as agreed to by the parties. In the event that such nomination petitions and affidavits are submitted pursuant to this Order, any objections to the nomination petition shall be filed with the Prothonotary of this Court no later than 4:00 p.m. on Thursday, February 29, 2024.

*Parker* (Pa. Cmwlth., No. 56 M.D. 2024, filed Feb. 16, 2024) (emphasis in original). In accordance with the order, on February 22, 2024, Candidate filed his nomination petition pages and a Supplemental Affidavit of Circulator. On February 26, 2024, Objectors filed their Petition to Set Aside, well within the time mandated by this Court's order.

Candidate argues that Objectors' Petition is untimely, claiming that this Court lacks jurisdiction to extend any statutory deadline set forth in the Election Code. He contends that the Court cannot use equitable principles to extend statutory deadlines. Candidate's arguments are without merit. Obviously, because the statutory deadline for filing nomination petitions had passed, the whole point of the mandamus process was to extend that deadline. Therefore, in entering the mandamus order, the Court had to set a time frame within which the nomination petition pages and amending affidavit(s) could be filed, and the same necessarily applies to the time for filing objections. Simply put, if the deadlines set in the

3

Election Code could not be extended by the Court, the mandamus order would be invalid and Candidate's filing of nomination petitions would be well out of time.

Candidate has misconstrued Section 976 of the Election Code, 25 P.S. § 2936, providing for mandamus actions, and Section 977 of the Election Code, 25 P.S. § 2937, setting the seven-day filing deadline for challenges. The mandamus petition process and the objection petition process coexist and provide an opportunity for a candidate to amend a filing, where appropriate, and an opportunity for an objector to assert challenges. An order in mandamus that extends the time for filing nomination petition pages, with objection petitions to be filed seven days thereafter, is entirely consistent with Section 977 of the Election Code's requirement that objections to nomination petitions or papers be filed "within seven days after the last day for filing [the challenged] nomination petitions or papers." 25 P.S. § 2937. Absent the mandamus petition process, Candidate's facially defective filing on the last day for filing nomination petitions would have been fatal with no opportunity for redress. Likewise, potential objectors must have time to review a nomination petition to determine whether valid objections can and should be made. The mandamus petition process does not eliminate that statutorily prescribed opportunity. Thus, this Court's Order of February 16 was consistent with both the letter and the spirit of the Election Code.

Candidate's argument that the original date for filing objections, February 20, would continue to apply even though he was given until February 22, when he did in fact file his nomination petition pages, leads to an absurd result, i.e., that the objection petition was due two days before his nomination petition was filed. In construing the Election Code, "[w]e presume the General Assembly does not intend a result that is absurd or unreasonable, but intends for the entire statute to be

4

effective and certain. [Section 1922 of the Statutory Construction Act of 1972,] 1 Pa.C.S. § 1922." *Banfield v. Cortes*, 110 A.3d 155, 165 (Pa. 2015).

Finally, the extension of objection petition deadlines until seven days following an extended deadline for filing nomination petitions has been specifically approved by this Court and our Supreme Court. In the case of *In re Morrison-Wesley,* 946 A.2d 789 (Pa. Cmwlth.), *aff'd sub nom. In re Nomination Petition of Morrison-Wesley*, 944 A.2d 78 (Pa. 2008), the governor had extended the date for filing nomination petitions by two days because of a snowstorm, but had not extended the date for filing objections. In rejecting a motion like that presented here, this Court noted:

> In short, the deadline to file objections does not begin to run until the last day to file a nomination petition has occurred, whatever day that might be. The last day to file a nomination petition this year was February 12, 2008. Governor Rendell, by Executive Order No. 2008-1, extended that deadline to February 14, 2008, because of a sudden and severe snowstorm that struck Pennsylvania on February 12, 2008.[]
>
> Candidate asserts that the Executive Order extended the deadline for filing a nomination petition, but it did *not* extend the deadline for filing objections. It is true that the Executive Order was silent about the deadline for objections, but it is irrelevant. It was not necessary for the Governor to address the objection petition deadline in his Executive Order because that deadline is driven by the statutory formula in Section 977 [of the Election Code]. The last day to file an objection is "*seven days after the last day for filing* [*the*] *nomination petition." Id.* The Executive Order established the nomination petition filing deadline to be February 14, 2008, and Section 977 established the deadline for objections to be February 21, 2008. Objector satisfied that deadline, and Candidate's motion to dismiss must be denied.

*Morrison-Wesley*, 946 A.2d at 793. *See also In re James*, 944 A.2d 69 (Pa. 2008). Accordingly, Candidate's Motion to Dismiss the Objection Petition in the present case was denied.

Following the ruling on Candidate's Motion to Dismiss, Objectors undertook their burden to prove the requisite number of invalid signatures to support their Petition. After approximately 150 signature lines had been stricken or stipulated to be invalid, Candidate announced that he had other things to do and so did not wish to continue the hearing, but would stipulate that he lacked sufficient valid signatures so long as he could continue to press his argument on appeal that the Petition was untimely. Ultimately, the parties entered a Joint Stipulation providing:

> The parties hereby stipulate that [Candidate's] petition does not contain 2,000 valid signatures. If the objection petition was timely filed, [Candidate] concedes he will not be on the ballot. Nothing herein waives [Candidate's] right to timely appeal his motion to dismiss pertaining to timely filing of the objection.

March 4, 2024 Joint Stipulation.

Accordingly, for the foregoing reasons, I granted the Objection Petition, denied Candidate's Motion to Dismiss, and directed that the Secretary remove Candidate's name from the 2024 primary ballot.

**Bonnie Brigance Leadbetter,**
President Judge Emerita

6