516 A.2d 797

In Re: Nomination Petition of Julia L. Smith and LeRoy E. Cimino for Democratic Precinct Executive Committee for the Second Precinct of Canton Township, Washington County. Julia L. Smith and LeRoy E. Cimino, Appellants.

Argued May 6, 1986, before President Judge CRUMLISH, JR., and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Patrick C. Derrico, Greenlee, Derrico, Posa, Harrington & Rodgers,* for appellants.

*C. E. Kurowski,* with him, *Steven R. Wolf,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 9, 1986:

Julia L. Smith and LeRoy E. Cimino (candidates) appeal a Washington County Common Pleas Court order striking their names from the May 20, 1986 primary ballot for the office of Democratic Precinct Executive Committee in the Second Precinct of Canton Township.[1] We affirm.

The trial court found that the candidates' activities[2] at the November 1985 Municipal Election violated Rule

---

[1] On April 28, 1986, the trial court granted a supersedeas of its prior order pursuant to Pa. R.A.P. 1701. This Court lifted the supersedeas and reinstated the original order on May 2, 1986, upon the application for relief by the objector, C. E. Kurowski.

[2] The trial court found that the candidates' activities consisted of (1) holding signs outside the polling place endorsing Republican

25 of the Washington County Democratic Committee Rules. That rule states:

> No person shall be eligible to serve as a member of the Democratic County Committee or will receive a certificate or credentials from the chairman of the county committee *who has by vote or by voice or distribution of marked sample ballots, supported in any election a Republican candidate* or any other candidate other than a Democratic candidate, or who has organized or attempted to organize by signing or circulating or [sic] petitions for any other party other than the Democratic party.

(Emphasis added.)

The candidates contend that the objector lacks standing to enforce the local party rule and, in the alternative, that Rule 25 is unconstitutionally vague or overbroad.[3] We disagree.

The objector, C. E. Kurowski, is a registered member of the Democratic Party and a fellow candidate for the Democratic Committee. As such, we believe that he has a direct and substantial interest in the compliance of Democratic Party Committee rules by candi-

---

Eugene Foster for Canton Township supervisor, (2) displaying an endorsement for Foster on Cimino's automobile and (3) urging electors to "consider Mr. Foster for supervisor" (or words to that effect) at the polling place.

The candidates do not contest these findings.

[3] The candidates also contend that the local committee rules were not properly certified, as required in Section 807 of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §2837. The trial court found that the rules were formally adopted by the Washington County Democratic Party and filed in the County Election Office by the Party Chairperson and that this action constitutes substantial compliance with Section 807's certification requirement. We agree with the trial court that the rules as filed were properly certified.

183

dates seeking nomination therein. *See Appeal of Robert C. Barlip,* 59 Pa. Commonwealth Ct. 178, 428 A.2d 1058 (1981).

We also find Rule 25 to be constitutionally valid as applied to the facts found by the trial court. *Appeal of Jay Kielstock,* 97 Pa. Commonwealth Ct. 153, 473 A.2d 713 (1984). Although Rule 25 does not contain a time limit restricting prior support of opposing-party candidates, we believe that it is to be given a reasonable interpretation. Because the acts complained of in this matter took place in the preceding municipal election, when the candidates were Democratic Committee office-holders, we find no unreasonable enforcement.

We hold that the trial court properly eliminated the names of Julia L. Smith and LeRoy E. Cimino from the May 20, 1986 primary ballot for the office of Democratic Precinct Executive Committee in Canton Township.

Affirmed.

## ORDER

The order of the Washington County Common Pleas Court, No. 1305 of 1986 dated April 18, 1986, is affirmed.