**In the Matter of Nomination Petition of Thomas C. PETRONE, Candidate for Representative in the General Assembly from the 27th Legislative District.**

**Objection of Michael WATTICK, Petitioner.**

Commonwealth Court of Pennsylvania.

Heard April 2, 1998.

Decided April 7, 1998.

Publication Ordered May 18, 1998.

Michael Wattick, petitioner, for himself.

Samuel P. Kamin and Ann Marie Williams, Pittsburgh, for respondent.

JIULIANTE, Senior Judge.

■ Before the Court is the Petition to Set Aside the Nomination Petitions of Thomas C. Petrone (Petrone) as candidate of the Democratic Party for the office of Representative in the General Assembly, 27th Legislative District. Objector is Michael Wattick (Wattick). Wattick is also a candidate for the Democratic nomination for the Office of Representative in the General Assembly from the 27th District and thus, he has standing to object. *In Re: Nomination Petition of Smith,* 102 Pa.Cmwlth. 180, 516 A.2d 797 (1986). The Court notes that the petition to set aside was timely and properly filed, and that the objections therein were sufficiently specific so as to put the candidate on notice of the challenges. *See In Re: Nomination Petition of Bishop,* 525 Pa. 199, 579 A.2d 860 (1990).

In response to Wattick's objections, Petrone filed preliminary objections to Wattick's Petition to Set Aside. However, the Pennsylvania Election Code (Election Code)[1] does not authorize preliminary objections and therefore, this Court has treated Petrone's preliminary objections as a motion to dismiss. On April 2, 1998, this Court held a hearing on Wattick's Petition to Set Aside the Nomination Petitions in Pittsburgh, Pennsylvania.

Pursuant to Section 912.1 of the Election Code, a candidate is required to obtain three hundred valid signatures on nomination petitions for Representative in the General Assembly. 25 P.S. § 2872.1. Wattick challenges 1,164 of the 1,269 signatures appearing on Petrone's nomination petitions.

Wattick alleges that 1,164 of the signatures on Petrone's petitions are invalid because 1) two of the notaries that notarized Petrone's nomination petitions are aides in his district office and as such, violated Section 19(e) of the Notary Public Law[2]; 2) a notary that acted as a circulator of petitions may not notarize another circulator's affidavit; and 3) a notary may not notarize the signature of a family member.

Wattick first maintains that notaries Susan P. Kaczorowski and Mary Lou Finello violated Section 19(e) of The Notary Public Law which states that "[n]o notary public may act as such in any transaction in which he is a party directly or pecuniarily interested." 57 P.S. § 165(e). Ms. Kaczorowski and Ms. Finello are currently members of Petrone's district office staff. Wattick argues that because the notaries are employed by Petrone, they have a direct and pecuniary interest in Petrone's re-election; that being, their continued employment.

However, Ms. Kaczorowski credibly testified that although she works in Petrone's district office, she is employed by the Democratic Party. Indeed, Ms. Kaczorowski's employment contract provides that she is to be paid with funds from the Democratic Party and that the Democratic Party may terminate her employment at any time. *See* Petrone Exhibit A. Wattick stipulated that Ms. Finello's testimony would be the same.

Additionally, Petrone testified that Ms. Kaczorowski's and Ms. Finello's employment might very well continue with the Democratic Party in the event that he is not re-elected. Petrone stated that his district office staff members may be reassigned to other Democratic legislators or that they may become staff members of the incoming representative should his bid for re-election fail. From the Court's personal observations, this testimony is found to be true and is accepted as credible.

■ Although Wattick tried to establish otherwise, it became evident that Ms. Kaczorowski's and Ms. Finello's employment status is determined not by the outcome of the primary election, but rather by the Democratic Leadership of the House of Representatives. Therefore, a direct or pecuniary interest of the notaries in the May, 1998 primary election is not evident from the record and thus, any nomination petitions notarized by them will not be invalidated.

■ Wattick further challenges those petitions that were notarized by a notary

---

**1.** Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2600–3591.

**2.** Act of August 21, 1953, P.L. 1323, *as amended,* 57 P.S. § 165(e).

that also acted as a circulator for Petrone. The notaries *did not* notarize their own circulating affidavits. Wattick does not cite to, nor can the Court find, any case law that holds that a circulator of a nomination petition may not notarize a nomination petition circulated by another individual. It is quite clear that a circulator may not notarize his own signature. *See In Re: Nomination Petition of Kersten,* 525 Pa. 65, 575 A.2d 542 (1990). However, in this instance, the notaries notarized another circulator's affidavit, not their own. In doing so, the notaries merely attested to the circulator's affidavit and not to the actual signatures contained in the nomination petitions. Absent allegations of fraud, we find that the notarization of another circulator's affidavit by a notary that also acted as a circulator for the same candidate, in and of itself, is not improper.

■ Finally, Wattick challenges the notarization of a nomination petition by Ms. Kaczorowski because one of her family members signed the nomination petition. In *Wolfe v. Switaj,* 106 Pa.Cmwlth. 1, 525 A.2d 825 (1985), we held that a notary's signing of a nomination petition as an elector did not invalidate her notarial act on that petition because she was only notarizing the circulator's affidavit and not the individual signatures contained thereon. Here, Ms. Kaczorowski attested to the signing of the circulator's affidavit by the circulator. Thus, where we would not invalidate the nomination petition of a candidate because a notary signed the petition as an elector, we will likewise not invalidate the petition because a member of the notary's family signed the petition as an otherwise qualified elector. *See Petition of Ross,* 411 Pa. 45, 48, 190 A.2d 719, 720 (1963)(seminal case holding that "Election Code must be liberally construed so as not to deprive an individual of his right to run for office, or the voters of their right to elect a candidate of their choice.").

Accordingly, Wattick's Petition to Set Aside the Nomination Petitions of Petrone is DENIED and Petrone's motion to dismiss is SUSTAINED.

## ORDER

AND NOW, this 7th day of April, 1998, after hearing held on Petitioner, Michael Wattick's, Petition to Set Aside the Nomination Petitions of Thomas C. Petrone, it is hereby ordered that said Petition is DENIED. The Motion to Dismiss filed by Thomas C. Petrone is SUSTAINED.

The Secretary of the Commonwealth is directed to certify the name of Thomas C. Petrone as for inclusion on the ballot for the May, 1998 primary election as a candidate for Representative of the 27th Legislative District of the General Assembly.

The Chief Clerk is directed to notify the parties hereto and their counsel and also to certify a copy thereof to the Secretary of the Commonwealth.

Each party to bear his own costs.