J-A17025-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| MILAN MARINKOVICH, MEMBER OF THE DEMOCRAT PARTY OF WASHINGTON COUNTY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GEORGE VITTECK, PAST CHAIRMAN OF THE DEMOCRAT PARTY OF WASHINGTON COUNTY, AND RON SICCHITANO, PRESENT CHAIRMAN OF THE DEMOCRAT PARTY OF WASHINGTON COUNTY | |
| | No. 1772 WDA 2017 |

Appeal from the Judgment Entered, October 30, 2017,
in the Court of Common Pleas of Washington County,
Civil Division at No(s): 2016-4063.

BEFORE:  OTT, J., KUNSELMAN, J., AND MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                    FILED JUNE 25, 2018

Milan Marinkovich, "Member of the Democrat[ic] Party of Washington County," has appealed from the court of common pleas judgment granting preliminary objections to and dismissing his complaint in this matter with prejudice.  This Court has scheduled oral arguments on this appeal for July 17, 2018.  However, because we lack appellate jurisdiction, we cancel those oral arguments and transfer this matter to the Commonwealth Court of Pennsylvania.

Although no party challenged our jurisdiction, we may always decide if we have jurisdiction sua sponte.  See, e.g., M. London, Inc. v. Fedders

Corp., 452 A.2d 236, 237 (Pa. Super. 1982). We raise a jurisdictional question now. "Jurisdiction is purely a question of law; the appellate standard of review is de novo and the scope of review plenary." Commonwealth v. Seiders, 11 A.3d 495, 496–97 (Pa. Super. 2010).

Here, Mr. Marinkovich claims our jurisdiction lies at 42 Pa.C.S.A. §§ 341 and 702. See Marinkovich's Brief at 1 (Statement of Jurisdiction).

42 Pa.C.S.A. § 341 does not exist; therefore, it cannot serve as a basis of our jurisdiction.

42 Pa.C.S.A. § 702 deals with appeals from interlocutory orders. Here, the trial court entered a final judgment, dismissing Mr. Marinkovich's complaint with prejudice; therefore, this appeal is not from an interlocutory order. Hence, Mr. Marinkovich's reliance upon Section 702 is misplaced.

Perhaps Mr. Marinkovich made a typographical error in his Statement of Jurisdiction, and, rather than 42 Pa.C.S.A. §§ 341 and 702, he intended to cite to Pennsylvania Rules of Appellate Procedure 341 and 702. If so, that would not change our analysis, as neither of those Rules confers jurisdiction upon this Court. Rule 341 defines a final order, while Pa.R.A.P. 702 only indicates that an appeal from a final order "shall be taken to . . . the appellate court vested by law with jurisdiction over appeals from such order." Indeed, the Comment to Rule 702 notes that "[b]ecause of frequent legislative modifications, it is not desirable . . . to restate appellate court jurisdiction in these rules." Thus, the Rules of Appellate Procedure are not the correct (or even constitutional) source to cite for determining appellate

- 2 -

jurisdiction. So, even if Mr. Marinkovich meant to use them in that manner, he was mistaken.

Instead, 42 Pa.C.S.A. § 742 dictates that "Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas except" those "within the exclusive jurisdiction of the . . . Commonwealth Court." 42 Pa.C.S.A. § 742 (emphasis added). The Commonwealth Court of Pennsylvania has "exclusive jurisdiction of appeals from final orders of the courts of common pleas . . . where is drawn in question the application, interpretation or enforcement of any . . . statute relating to elections, campaign financing or other election procedures." 42 Pa.C.S.A. § 762(a)(4)(i)(C).

This case involves proper application and adherence to the Democratic Party of Washington County's Rules and political financing under those Rules. See Exhibit C of the Amended Complaint. The Election Code governs the Rules (or "by-laws" as the Complaint refers to them) of political parties' county committees. Title 25, section 2837 provides:

> There may be in each county a county committee for each political party within such county, the members of which shall be elected at the spring primary, or appointed, as the rules of the respective parties within the county may provide. The county committee of each party may make such rules for the government of the party in the county, not inconsistent with law or with the State rules of the party, as it may deem expedient, and may also revoke, alter or renew in any manner not inconsistent with law or with such State rules, any present or future county rules of

- 3 -

such party. No such rules shall be effective until a certified copy thereof has been filed in the office of the county board of elections. The members of all other party committees, and all other party officers whose election is required by the party rules, shall also be elected at the spring primary, in the manner provided by this act.

25 P.S. § 2837.

Of the five Pennsylvania appellate cases interpreting this provision of our Election Code, four are Commonwealth Court decisions. Those four cases are *In re Freeman*, 540 A.2d 606 (Pa. Cmwlth. 1988); *Petition of Smith*, 516 A.2d 797 (Pa. Cmwlth. 1986); *In re Carabello*, 516 A.2d 784 (Pa. Cmwlth. 1984); *In re Nomination Petitions of Kielstock*, 473 A.2d 713 (Pa. Cmwlth. 1984). The one exception is *Commonwealth ex rel. Koontz v. Dunkle*, 50 A.2d 496 (Pa. 1947), a quo warranto action, that went directly from the common pleas court to the Supreme Court of Pennsylvania. That case predates the Commonwealth Court's establishment in the 1968 Constitution of the Commonwealth of Pennsylvania by 21 years.

More importantly, the only two cases upon which Mr. Marinkovich relies in the argument section of his brief are not cases from this Court. He cites to *Bentman v. Seventh Ward Democratic Executive Committee*, 218 A.2d 261 (Pa. 1966), which, like *Koontz*, predates the Commonwealth Court and went directly from common pleas court to the Supreme Court of Pennsylvania, and *Kielstock*.

If we were to assert jurisdiction over this appeal via waiver (see 42 Pa.C.S.A. § 704), we would "disrupt the legislatively ordained division of

labor between the intermediate appellate courts" and risk the "possibility of establishing two conflicting lines of authority on" the Election Code, which is within the purview and expertise of the Commonwealth Court. Trumbell Corp. v. Boss Construction, Inc., 747 A.2d 395, 399 (Pa. Super. 2000). In light of the fact that no transfer has yet occurred, we have not expended judicial resources on deliberating this case, and the litigants and their attorneys have not yet argued before this Court, we see no reasonable basis for usurping our sister court's role of interpreting Pennsylvania's Election Code by deciding this appeal.

We conclude that the subject matter of this appeal directly implicates the Elections Code and the Commonwealth Court's precedents applying 25 P.S. § 2837. Thus, the Commonwealth Court has exclusive jurisdiction over this matter.

Although, Mr. Marinkovich erroneously filed his appeal with us, filing in the wrong appellate court is not fatal to an appeal. Pennsylvania Rule of Appellate Procedure 751 empowers us to preserve parties' appellate rights by transferring a matter and its record to the proper court. In the transferee court, "the appeal . . . shall be treated as is originally filed in transferee court on the date first filed in [this] court." Pa.R.A.P. 751(a).

Accordingly, it is hereby ORDERED that oral arguments, scheduled for July 17, 2018, are CANCELLED.

Appeal transferred to the Commonwealth Court of Pennsylvania.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/25/2018</u>